### PARK, administrator, *v.* REID, STRONG & ROBERTSON.

HILL, J.   1. On the trial of a distress warrant for rent, to which a counter-affidavit had been filed, setting up a claim for damages in excess of the rent, on account of alleged injury to the stock of goods of the defendants, by reason of leaks in the roof of the rented building, causing water to flood the building and damaging the goods, it will not require the grant of a new trial that evidence was admitted tending to show that shortly after the alleged damage the landlord had a new roof put on the building, where the court subsequently ruled out such evidence and instructed the jury not to consider it.

2. It was not error on such trial to admit evidence tending to show that prior to the time of the alleged damage to the goods the roof contained leaks, where the court instructed the jury that the evidence was not admissible as a basis of recovery for damages, but merely to illustrate the condition of the roof.

3. Where a landlord sued out a distress warrant, and the tenants filed an affidavit in which they sought to recoup because of a failure of the duty of the landlord to repair, the tenants could, with proper pleading and proof, recoup on account of loss of use of a part of the premises. But they could not recover for loss of "rents" as such.

(a) It was accordingly error to admit evidence to prove loss of "rent" .of a certain "department."

(b) It can not be held that this was harmless error and did not affect the verdict.       *Judgment reversed. All the Justices concur.*

                     MAY 16, 1914.

Distraint. Before Judge Freeman. Troup superior court. January 9, 1913.

*E. T. Moon* and *Brown & Brown,* for plaintiff.

*E. R. Bradfield,* for defendants.